UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry G. Harvin, # 253468, | ) C/A No. 8:13-3515-RBH-JDA |
| | ) |
| Petitioner, | ) |
| | ) Report and Recommendation |
| vs. | ) of |
| | ) Magistrate Judge |
| Warden Leroy Cartledge, | ) |
| | ) |
| Respondent. | ) |

## BACKGROUND OF THIS CASE

Petitioner is an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections. On October 16, 1998, in the Court of General Sessions for Charleston County, Petitioner was convicted, pursuant to a jury's verdicts, of murder, armed robbery, and possession of a weapon during the commission of a violent crime. Petitioner was sentenced to life on the conviction for murder and to thirty (30) years on the conviction for armed robbery. Petitioner indicates that no sentence was entered on the conviction for possession of a weapon during the commission of a violent crime. Petitioner's convictions were affirmed on direct appeal by the Supreme Court of South Carolina in *State v. Harvin*, 345 S.C. 190, 547 S.E.2d 497 (2001).

The opinion of the Supreme Court of South Carolina in Petitioner's direct appeal indicates that Petitioner was in custody in Rochester, New York, when he was questioned by Detective Michael Gordon of the Charleston Police Department. Petitioner had already

invoked his *Miranda* rights, *see Miranda v. Arizona*, 384 U.S. 436 (1966), with respect to pending criminal charges in Greece, New York. The Supreme Court of South Carolina held that, although Petitioner's statements to Detective Gordon were subject to suppression under New York law, they were not subject to suppression under South Carolina law because the Sixth Amendment right to counsel is "offense specific." *State v. Harvin*, 547 S.E.2d at 499.

Petitioner filed an application for post-conviction relief (Case No. 2001-CP-10-2971). The Court of Common Pleas denied relief. No petition for certiorari was filed in the petitioner's post-conviction case.

Petitioner raises two grounds in the Petition in the case at bar. Those grounds are: *(I)* ineffective assistance of trial counsel [Doc. 1 at 5]; and *(II)* "Due Process Violation based upon Excessive and Inordinate Delay in State-Corrective Process" [*Id.* at 6]. In his answer to Question 18, Petitioner states that this Petition is timely because he did not receive the documents forming the factual basis "of [Question] Number 12, GROUND ONE" until March 7, 2009, and that he filed a new application for post-conviction relief with respect to that issue on March 3, 2010 [*Id.* at 13]. In a memorandum [Doc. 1-1], Petitioner indicates that Ground One relates to an alibi defense, which concerns Petitioner's alleged presence in a North Carolina jail on the date of the crime [*Id.* at 1–4]. In another memorandum [Doc. 1-2], Petitioner seeks to be excused from exhaustion because the Court of Common Pleas has not timely ruled on Petitioner's Rule 59 motion [*Id.* at 1–4].

## DISCUSSION

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Petition is subject to summary dismissal because it is a successive petition. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

3

The successiveness of a habeas petition may be raised by a district court *sua sponte*. *See Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 WL 2720964, at *2 (D.S.C. April 14, 2010) ("The issue of successiveness of a habeas petition may be raised by the court *sua sponte*."), *adopted by* 2010 WL 2720912 (D.S.C. July 8, 2010). It can be judicially noticed that Petitioner has a prior Section 2254 habeas corpus petition concerning his convictions for murder, armed robbery, and possession of a weapon during a violent crime adjudicated on the merits.

In *Larry G. Harvin v. Colie L. Rushton; and Henry McMaster, Attorney General of South Carolina*, Civil Action No. 3:03-0688-GRA-JRM, Petitioner brought a habeas corpus action under 28 U.S.C. § 2254 on March 6, 2003. The Petition in Civil Action No. 3:03-0688-GRA-JRM was served upon Respondents. After Respondents on May 21, 2003, filed a motion for summary judgment [Doc. 7], Petitioner was on May 22, 2003, apprised of dispositive motion procedure, as required by *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Petitioner responded to the *Roseboro* order and also filed his own motion for summary judgment [Doc. 10].

In a Report and Recommendation [Doc. 24] filed in Civil Action No. 3:03-0688-GRA-JRM on October 6, 2003, the Honorable Joseph R. McCrorey, United States Magistrate Judge, recommended that Respondents' motion for summary judgment be granted and that Petitioner's motion for summary judgment be denied. The parties were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. On October 22, 2003, Petitioner filed objections [Doc. 25] to the Report and Recommendation. On

4

January 16, 2004, the Honorable G. Ross Anderson, Jr., United States District Judge, granted summary judgment for Respondents [Doc. 26].

Petitioner filed two (2) appeals in Civil Action No. 3:03-0688-GRA-JRM. Fourth Circuit Docket No. 04-6303 was the appeal on the merits. Fourth Circuit Docket No. 04-6919 concerned the denial of the petitioner's motion for a certificate of appealability. Petitioner's appeals in Civil Action No. 3:03-0688-GRA-JRM were not successful. On June 3, 2004, the United States Court of Appeals for the Fourth Circuit dismissed the appeal in Fourth Circuit Docket No. 04-6303 and denied a certificate of appealability. *See Harvin v. Rushton*, No. 04-6303, 98 Fed.Appx. 946, 2004 WL 1217282 (4th Cir. June 3, 2004). Subsequently, on August 10, 2004, the Court of Appeals dismissed the appeal in Fourth Circuit Docket No. 04-6919. *See Harvin v. Rushton*, No. 04-6919, 104 Fed.Appx. 315, 2004 WL 1778285 (4th Cir. Aug. 10, 2004).

Petitioner has filed various post-judgment motions in Civil Action No. 3:03-0688-GRA-JRM, which have been denied by Judge Anderson. *See*, *e.g.*, *Harvin v. Rushton*, Civil Action No. 3:03-0688-GRA, 2007 WL 121092 (D.S.C. Jan. 11, 2007) (denying motion to vacate judgment); and *Harvin v. Rushton*, No. 11-7384, 467 Fed.Appx. 214, 2012 WL 621455 (4th Cir. Feb. 28, 2012) (dismissing appeal from denial of Rule 60(b) motion).

In the above-captioned habeas corpus action, this Court may take judicial notice of Civil Action No. 3:05-0688-GRA-JRM. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits); *see also Tyler v. Cain*, 533 U.S. 656, 662–68 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA).  Since Civil Action No. 3:05-0688-GRA-JRM was decided by summary judgment, the Petition in the above-captioned case is successive, notwithstanding Petitioner's recent post-conviction proceedings in state court.  *Thomas v. Bodison*, Civil Action No. 6:09-2200-HMH-WMC, 2009 WL 3617545, at *1 (D.S.C. Nov. 9, 2009) ("Because Thomas has previously filed a § 2254 petition, the instant petition is successive.").

When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4).").

There is no indication in the present Petition that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the Petition in the above-captioned case.  Leave from the United States Court of Appeals for the Fourth Circuit is

now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."); and *In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court under the standard established in section 2244(b)(3)(C)."). Before Petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he **must** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). Petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit (1100 East Main Street — Suite 501, Richmond, Virginia 23219). *See In re: Williams*, 330 F.3d 277, 283 (4th Cir. 2003). The form is entitled "Motion under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief under 28 U.S.C. §§ 2254 or 2255."

## RECOMMENDATION

Accordingly, it is recommended that the § 2254 Petition be dismissed *without prejudice* and without requiring Respondent to file an Answer or return because the Petition is successive. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and

direct the clerk to notify the petitioner."). It is also recommended that the District Court deny a Certificate of Appealability.

**Petitioner's attention is directed to the Notice on the next page.**

s/ Jacquelyn D. Austin<br>United States Magistrate Judge

December 23, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).