IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Larry G. Harvin, #253468 ) | Civil Action No.: 8:13-cv-3515-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Leroy Cartledge, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Larry G. Harvin, #253468 ("Petitioner"), a state prisoner proceeding *pro se*, initiated this action by filing a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. This matter is before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Jacquelyn D. Austin.[1] In the R & R, the Magistrate Judge recommends that the Court find the Petition successive and dismiss it without prejudice. *See* R & R, ECF No. 9 at 7.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is serving a life sentence for murder and a thirty year conviction for armed robbery. He was convicted in the Charleston County Court of General Sessions in October 1998. This is the third § 2254 petition that Petitioner has submitted to this Court in his efforts to challenge the constitutionality of his convictions. Petitioner's initial § 2254 petition was considered on the merits, resulting in an Order granting summary judgment against Petitioner and the dismissal of the petition. *See* Order, *Harvin v. Rushton, et al.*, No. 3:03-cv-0688-GRA (D.S.C. Jan. 16, 2004).

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rs. Governing § 2254 Cases in the U.S. Dist. Cts. 4.

Petitioner appealed both on the merits and on the Court's denial of a certificate of appealability. The Fourth Circuit dismissed both of these appeals. *See Harvin v. Rushton*, 98 Fed. App'x 946 (4th Cir. 2004); *Harvin v. Rushton*, 104 Fed. App'x 315 (4th Cir. 2004). Petitioner filed various post-judgment motions in this matter, which were denied by Judge Anderson. *See, e.g.*, Order, *Harvin v. Rushton, et al.*, No. 3:03-0688-GRA (D.S.C. Jan. 11, 2007) (denying motion to vacate); Order, *Harvin v. Rushton, et al.*, No. 3:03-0688-GRA (D.S.C. Sept. 13, 2011) (denying motion for relief from judgment). Plaintiff appealed Judge Anderson's denial of his motion for relief from judgment, which the Fourth Circuit dismissed. *See Harvin v. Rushton*, 467 Fed. App'x 214 (4th Cir. 2012).

Petitioner's second § 2254 petition was summarily dismissed as successive and unauthorized. *See* Order, *Harvin v. Rushton, et al.*, No. 3:05-cv-02596-RBH (D.S.C. Oct. 5, 2005). Plaintiff appealed the dismissal, but the Fourth Circuit also dismissed this appeal. *See Harvin v. Rushton*, 164 Fed. App'x 443 (4th Cir. 2006).

The petition presently before the Court was filed on December 19, 2013. Petitioner alleges two grounds in the petition: (1) ineffective assistance of trial counsel and (2) due process violation based upon excessive delay in state-corrective process. *See* Petition, ECF No. 1, at 5–6. Petitioner does not indicate anywhere in the petition that he sought and obtained permission from the United States Court of Appeals for the Fourth Circuit before filing this third § 2254 petition. *See generally* ECF No. 1. After an examination of the petition, the Magistrate Judge issued her R & R on December 23, 2013, recommending that the Court dismiss the petition as successive. *See* ECF No. 9 at 7. Petitioner timely filed objections to the R & R on January 8, 2014. *See* Pet'r's Objections, ECF No. 11.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

The Magistrate Judge recommends dismissing the petition without requiring Respondent to file a return, concluding that the petition was successive and that Petitioner failed to obtain authorization from the Fourth Circuit. In his objections, Petitioner argues that the Magistrate Judge erred in finding that his initial habeas petition was adjudicated on the merits. *See* ECF No. 11 at 1. In particular, he argues that Judge Anderson made a "procedural" ruling in denying his first petition, and thus this petition is not successive because his prior petition was not adjudicated on the merits. *See id.* at 2.

The Court finds that Plaintiff's objections are without merit. The Magistrate Judge correctly concluded that this petition is successive. Petitioner correctly notes that, in addressing his original section 2254 petition, the Court rejected three of his four claims as "procedurally-barred." *See* Order, *Harvin v. Rushton, et al.*, No. 3:03-cv-0688-GRA (D.S.C. Jan. 16, 2004). To be considered "successive," the second or subsequent petition must be an attack on the same conviction attacked in the first petition, and the first petition must have been adjudicated on the merits. *See In re Williams*, 444 F.3d 233, 236 (4th Cir. 2006). Where an initial petition is dismissed on techinical grounds, such as failure to exhaust state remedies, it is not counted in determining whether a petition is successive. *See id.* at 235. However, "[d]ismissal of a habeas petition for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive." *Harvey v. Koran*, 278 F.3d 370, 379 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, __ U.S. __, 131 S. Ct. 1289 (2011); *see also McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("In contrast, the dismissal of a first petition with prejudice because of a procedural default . . . forecloses the possibility that the underlying claims will be addressed by a federal court. Such a dismissal therefore constitutes a disposition on the merits and renders a subsequent petition second or successive." (citations omitted)).

The Court takes judicial notice of Petitioner's initial section 2254 petition filed in *Harvin v. Rushton, et al.*, No. 3:03-0688-GRA-JRM, as well as the previous Order granting summary judgment in that matter.[2] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"

---

[2] In her Order, the Magistrate Judge mistakenly indicated that she was taking judicial notice of civil action number "3:05-688-GRA-JRM"; however, based on the discussion in the R & R, she clearly intended to refer to "3:03-0688-GRA-JRM." *See* ECF No. 9 at 5–6. Petitioner himself notes that this was simply an "innocent Scrivener's error" by the Magistrate Judge, and he recognized the matter to which she was referring. *See* ECF No. 11 at 2–3.

4

(citation omitted)).  The initial petition was adjudicated on the merits, making the present petition, which attacks the same conviction, successive for purposes of 28 U.S.C. § 2244(b).[3]

Petitioner's reliance on the Supreme Court's decision in *Slack v. McDaniel* is improper.  In *Slack*, the Supreme Court found that the petitioner's second § 2254 petition was not successive.  *See* 529 U.S. 473, 485–86 (2000).  *Slack*, however, concerned a situation where the second habeas petition was "unadjudicated on its merits and dismissed for failure to exhaust state remedies."  *See id.*  As the Fourth Circuit has explained, however, "dismissal for procedural default is a dismissal on the merits," and "[i]t is critically different from a dismissal for failure to exhaust, which does not prevent federal habeas review at a later date."  *See Harvey*, 278 F.3d at 380.  Here, Judge Anderson granted summary judgment in favor of respondent on the initial petition based on procedural default, not failure to exhaust.  *See* Order, *Harvin v. Rushton, et al.*, No. 3:03–cv–0688–GRA, at *3 (D.S.C. Jan. 16, 2004).

Therefore, the Court finds the Magistrate Judge's recommendation is proper.  The petition currently before this Court is successive, and there is no evidence showing that Petitioner obtained leave from the Fourth Circuit for this Court to consider a successive petition.  *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  Without authorization to hear Petitioner's successive petition, the Court finds no error in the Magistrate Judge's recommendation.

---

[3] The Court also takes judicial notice of Judge Anderson's Order dismissing Petitioners second § 2254 petition as successive, where Petitioner raised a similar argument based on *Slack*.  *See* Order, *Harvin v. Rushton, et al.*, No. 3:05-cv-02596-RBH (D.S.C. Oct. 5, 2005).

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

### CONCLUSION

The Court has thoroughly analyzed the entire record, including the § 2254 petition, the Magistrate Judge's R & R, Petitioner's objections, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby adopts the Magistrate Judge's R & R. **IT IS THEREFORE ORDERED** that the § 2254 petition is **DISMISSED** *without prejudice*.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
April 21, 2014